# Exhibit A

UNITED STATES OF AMERICA

v.

MICHAEL NOWAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

CASE NO. 19 CR 669

SUPPLEMENTAL DECLARATION OF

JEREMY CUSIMANO

AUGUST 19, 2023

ALVAREZ & MARSAL DISPUTES AND INVESTIGATIONS LLC

260 FRANKLIN STREET SUITE 210

BOSTON, MA 02110

1. Per the Court's instruction (ECF No. 904), the chart below reflects my calculation of the reduction to Prof. Venkataraman's updated alternative adjusted loss figure as to Mr. Nowak that would result from limiting the professor's loss calculation to sequences fitting the two scenarios that the Court identified. For the Court's convenience, I have included the government's recent calculation concerning the same scenarios.

|  | My Calculation as to Mr. Nowak | Government's Calculation (ECF No. 906-1) |
|---|---|---|
| (a) At least one alleged spoof order was placed in the top five levels (even if other orders were placed outside the top five levels) | $2,288,940 | $2,300,808 |
| (b) The alleged spoof orders were placed solely in the top five levels (consistent with Prof. Venkataraman's theory here, as in *Bases*, that orders closer to the best bid or offer have greater price impact, as the Court observed during the August 17, 2023 hearing) | $904,795 | $913,444 |

2. In my opinion, these figures overstate the theoretical loss, because they count loss when alleged spoof orders were not yet resting or no longer resting in the top five levels — i.e., when there could not have been an impact on price. If the calculation were limited to periods of time when such orders were in fact resting in the top five levels, the above figures would be reduced to (a) $1,429,421, and (b) $673,044.

3. Separately, I understand that the Court indicated that it was considering other issues raised at the hearing on August 17, 2023. To the extent it is helpful, I note that, based on my prior analysis (*see* ECF No. 880-1 at *15, Table 1), I would estimate that correcting either for Prof. Venkataraman's choice of the wrong but-for price or for his inclusion of purported loss from outside the 3.2-second window of theoretical impact would further reduce each figure above by approximately 60% (e.g., $673,044 × 0.4 = $269,218).

_____

Jeremy J. Cusimano

August 19, 2023